UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAMON G. TURNER and KRISTINE A. TURNER,<br><br>Plaintiffs,<br><br>v.<br><br>WELLS FARGO BANK, N.A., et al.,<br><br>Defendants. | No. 2:16-cv-01095-TLN-KJN<br><br>**ORDER** |

This is a lawsuit alleging illegal "dual tracking"—a lender's practice of quietly pursuing foreclosure against a borrower while simultaneously evaluating the borrower's loan modification application. Plaintiffs Damon and Kristine Turner (collectively "the Turners") filed the case in state court, but Defendant Wells Fargo Bank, N.A. ("Wells Fargo") removed it to this Court. (ECF No. 1.) The matter is before the Court on the Turners' Motion to Remand. (ECF No. 7.) Wells Fargo opposes the motion. (ECF No. 12.) For the reasons set forth below, the Turners' motion is GRANTED and the case is remanded to the Superior Court of the State of California, County of Nevada.[1]

///

---

[1] Two other motions are also pending before this Court: Wells Fargo's Motion to Dismiss (ECF No. 10) and the Turners' counsel's Motion to Withdraw as Attorney (ECF No. 18). In light of this Order, those motions are both DENIED as moot.

1

## I. BACKGROUND

In 2015, the Turners were struggling financially and sought to modify the terms of a $400,000 loan on their home ("the Subject Property").[2] They applied for a loan modification with Wells Fargo, but Wells Fargo denied their application and began non-judicial foreclosure proceedings. The Turners then brought this lawsuit alleging that Wells Fargo "dual tracked" their request, violating California's Homeowner Bill of Rights ("HBOR") and California's Unfair Competition Law ("UCL") along the way. The Turners also sued Defendant Northwest Trustee Services, Inc. ("Northwest"), the substituted trustee on the deed of trust to the Subject Property, but Northwest appears to be merely a nominal party and has not participated in the briefing on any of the pending motions.

The Turners filed a complaint in state court asserting five causes of action: (1) failure to contact the Turners to assess their financial situation and explore foreclosure avoidance options prior to recording a notice of default, in violation of Cal. Civ. Code § 2923.55; (2) failure to make an adequate written determination that the Turners were not eligible for a first lien loan modification before recording a notice of default, in violation of Cal. Civ. Code § 2923.6; (3) failure to provide the Turners with a single point of contact, in violation of Cal. Civ. Code § 2923.7; (4) recording a notice of default even though the Turners were in compliance with the terms of a written trial or permanent loan modification, forbearance, or repayment plan, in violation of Cal. Civ. Code § 2924.11; and (5) violation of the UCL, Cal. Bus. & Prof. Code §§ 17200 *et seq.*, as a consequence of the first four violations.

Wells Fargo removed the case to this Court. (ECF No. 1.) The Turners argue the case was improperly removed because this Court lacks subject matter jurisdiction. (ECF No. 7 at 3.)

## II. LEGAL STANDARD

The Court first begins with the following principle: "Federal courts are courts of limited

---

[2] The following factual allegations are taken from the Turners' state-court complaint, attached as an exhibit to Wells Fargo's notice of removal. (ECF No. 1-1 Ex. A.) The Turners also filed an amended complaint in this Court following removal. (ECF No. 5.) But the Court does not consider it here because "post-removal amendments to the pleadings cannot affect whether a case is removable [and] the propriety of removal is determined solely on the basis of the pleadings filed in state court." *Williams v. Costco Wholesale Corp.*, 471 F.3d 975, 976 (9th Cir. 2006). Accordingly, all further references to the complaint are to the state-court complaint.

jurisdiction. They possess only that power authorized by Constitution and statute . . . ." *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994). The right to remove a case to federal court is entirely a creature of statute. *Libhart v. Santa Monica Dairy Co.,* 592 F.2d 1062, 1064 (9th Cir. 1979). The removal statute, 28 U.S.C. § 1441, allows a state-court defendant to remove a lawsuit to federal court only if the lawsuit could have been brought in federal court originally. And given the limited nature of federal jurisdiction, the Court "strictly construe[s] the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). There is a "strong presumption" against removal jurisdiction, so the defendant "always has the burden of establishing that removal is proper." *Id.* If the Court has any doubts about the propriety of removal, the case must be remanded to state court. *Id.*

This case was removed on the basis of diversity jurisdiction. (ECF No. 1 at 2.) Diversity jurisdiction exists when the parties are citizens of different states and the amount in controversy exceeds $75,000, excluding interest and costs. 28 U.S.C. § 1332(a). In removal cases where the complaint leaves the amount in controversy ambiguous or unclear, the removing defendant must prove by a preponderance of evidence that the amount in controversy exceeds $75,000. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007).

### III. DISCUSSION

As the removing defendant, Wells Fargo must show that the parties are diverse and that the amount in controversy exceeds $75,000. *Guglielmino*, 506 F.3d at 699. Because the Turners' complaint does not explicitly seek damages in excess of $75,000, Wells Fargo is required to prove by a preponderance of the evidence that the amount-in-controversy requirement has been met. *Id.*

To carry that burden, Wells Fargo relies on the general rule that, "[i]n actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." (ECF No. 1 at 8 (quoting *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977).) Wells Fargo argues the amount in controversy here is $400,000—the amount of the original loan balance on the Subject Property. (ECF No. 12 at 7–8.) According to Wells Fargo, if the Turners "prevail in this action, they would permanently

enjoin the sale of [a] property with a loan balance of $400,000." (ECF No. 12 at 7–8.) Wells Fargo argues "the loan amount and value of the [Subject] Property here clearly exceed the $75,000 amount in controversy threshold." (ECF No. 12 at 8.)

The crux of this issue is whether the Subject Property or the original loan balance is truly the object of this litigation. That question, in turn, highlights a split among the district courts about the amount in controversy in actions for injunctions under the HBOR. *See Ulshafer v. PHH Mortg. Co.*, No. 2:16-cv-01141-MCE-CKD, 2017 WL 896290, at *4 (E.D. Cal. Mar. 6, 2017) ("Actions for temporary injunctions under HBOR highlight a significant split among the district courts with regard to amount-in-controversy calculations."). Some courts have concluded that an injunction to afford time to remedy HBOR violations related to a loan modification application places the modification itself—not the property or the loan—at the center of the litigation. *See Perryman v. JP Morgan Chase Bank*, 1:16-cv-00643-LJO-SKO, 2016 WL 4441210, at *5 (E.D. Cal. Aug. 23, 2016) (collecting cases). Others conclude that "any injunction on foreclosure, however temporary, places the injunctive relief at the heart of the litigation thus implicating the value of the property or the amount of the underlying mortgage to establish the amount in controversy." *Id.*

The Court is persuaded that the former approach is better for two reasons. First, it is the prevailing view among contemporary cases in this district. *See Ulshafer*, 2017 WL 896290, at *5 ("[T]he Court finds that the injunction preventing foreclosure is not the object of the instant litigation, and that the value of the Subject Property's loan, or of the property itself, is not properly included in the amount in controversy."); *Perryman*, 2016 WL 4441210, at *6 ("This Court finds persuasive those district courts which have concluded that temporarily enjoining a trustee's sale while a loan modification is pending does not implicate the value of the property for purposes of establishing the amount in controversy."); *Lenau v. Bank of Am., N.A.*, 131 F. Supp. 3d 1003, 1006 (E.D. Cal. 2015) ("[C]ourts have also rejected using the property's appraised value to establish the amount in controversy where plaintiff seeks injunctive relief pending a loan modification.").

Second, it is more consistent with the Turners' complaint and the relief available under the

4

HBOR. The Turners' complaint speaks primarily in terms of damages for violations of the HBOR. (*See* ECF No. 1-1 Ex. A. at ¶¶ 29, 34, 40, 48–50.) Wells Fargo argues the Turners seek to "permanently enjoin the sale of" the Subject Property, (ECF No. 12 at 7–8), because the Turners' complaint requests an "[i]njunction prohibiting any further sale of [the] Subject Property," (ECF No. 1-1 Ex. A. at ¶ (5)). But—although the Turners' complaint arguably can be read to request a permanent injunction—there is no doubt that the Turners seek only a temporary injunction pending Wells Fargo's compliance with the HBOR. The HBOR "does not authorize permanent injunctive relief, but permits it only until the defendant show[s] that the material violation has been corrected and remedied." *Vergara v. Wells Fargo Bank, N.A.*, No. SACV 15-00058-JLS (RNBx), 2015 WL 1240421, at *2 n.1 (C.D. Cal. Mar. 17, 2015) (quotation omitted); *see also Perryman*, 2016 WL 4441210, at *6 ("[T]he injunction available under Section 2924.12(a)(2) is temporary and survives only until any violation of the HBOR is corrected or remedied."). In short, the Court concludes that neither the Subject Property nor the loan balance is the object of this litigation.

The only Ninth Circuit cases Wells Fargo cites—*O'Connor v. BankUnited*, 594 F. App'x 329 (9th Cir. 2015); *Chapman v. Deustche Bank Nat. Trust Co.*, 651 F.3d 1039 (9th Cir. 2011); and *Garfinkle v. Wells Fargo*, 483 F.2d 1074 (9th Cir. 1973)—do not compel a different conclusion. Wells Fargo argues those cases are foreclosure-specific examples of the general rule that the amount in controversy in actions for injunctive or declaratory relief is measured by the value of the object of the litigation. But *Chapman* involved a quiet title action, plainly implicating the actual value of the property itself. *Chapman*, 651 F.3d at 1045 n.2. *Garfinkle* involved a permanent (as opposed to temporary) injunction against a foreclosure sale. *Garfinkle*, 483 F.2d at 1076. And *O'Connor* simply cites *Chapman* for the general rule, with no factual explanation. *O'Connor*, 594 Fed. App'x at 329.

Wells Fargo's reliance on *Chapman*, *Garfinkle*, and *O'Connor* overlooks the critical fact of this case: the Turners are not seeking to quiet title, to rescind their loan, or to permanently enjoin foreclosure. Consequently, neither the value of the Subject Property nor the loan balance determines the amount in controversy. *See Vergara*, 2015 WL 1240421, at *2 ("Courts have

roundly rejected the argument that the amount in controversy is the entire amount of the loan where a plaintiff seeks injunctive relief to enjoin a foreclosure sale *pending a loan modification*."); *see also Steele v. J.P. Morgan Chase Bank, N.A.*, No. EDCV 15-657 JGB (DTBx), 2015 WL 4272276, at *3 (C.D. Cal. July 14, 2015) ("Plaintiffs merely seek a final decision on their loan modification application, and ask the Court to enjoin Defendant from pursuing foreclosure until it has properly complied with HBOR's requirements for loan-modification application review. Thus, the value of the Property itself should not factor into the amount-in-controversy calculus."). At bottom, Wells Fargo has not established by a preponderance of the evidence that the amount in controversy exceeds $75,000. Therefore, removal on the basis of diversity jurisdiction is not supported and the Court is without jurisdiction.[3]

## IV. CONCLUSION

For the foregoing reasons, the following is hereby ordered:

1. The Turners' Motion to Remand (ECF No. 7) is GRANTED. The case is remanded to the Superior Court of the State of California, County of Nevada.
2. The Turners' request for attorney's fees is DENIED.
3. Wells Fargo's Motion to Dismiss (ECF No. 10) is DENIED as moot.
4. The Turners' counsel's Motion to Withdraw as Attorney (ECF No. 18) is DENIED as moot.

IT IS SO ORDERED.

Dated: May 18, 2017

Troy L. Nunley
United States District Judge

---

[3] The Turners seek attorney's fees pursuant to 28 U.S.C. § 1447(c) for the expense of litigating this removal. (ECF No. 7 at 9.) The Court has discretion to award fees and costs when it finds that removal was unsubstantiated. *Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1106 n.6 (9th Cir. 2000). But the Court declines to make such an award here. "As discussed above, the split among district courts on the application of the amount in controversy rule when applied to temporary injunctions makes [Wells Fargo's] arguments objectively reasonable." *Ulshafer*, 2017 WL 896290, at *5; *see also Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) ("Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."). The Turners' request for attorney's fees is DENIED.